**Joseph Michael PHILLIPS, Appellant**

v.

**Cheriyan ABRAHAM and Mary Abraham, Appellees**

**NO. 14-15-00394-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed April 7, 2017

Stephen R. Lewis Jr., George William Vie, III, Galveston, TX, John E. Patton, III, Houston, TX, for Appellee.

Erik Bauman, Kenna M. Seiler, The Woodlands, TX, for Appellant

Panel consists of Chief Justice Frost and Justices McCally and Brown.[1]

## OPINION

Kem Thompson Frost, Chief Justice

In this premises-liability case, a former tenant appeals the trial court's summary-judgment dismissal of his personal-injury claims against his former landlords based on an allegedly dangerous condition at the end of the driveway on the leased premis-

---

1. Justice McCally was assigned to the panel for this case and participated during oral argument, but she is no longer a justice on the Fourteenth Court of Appeals, and she did not participate in deciding this case. The remaining panel members have decided this appeal. *See* Tex. R. App. P. 41.1(b) ("After argument, if for any reason a member of the panel cannot participate in deciding a case, the case may be decided by the two remaining justices.").

es. Applying the Supreme Court of Texas's opinion in *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015), we conclude that the trial court did not err in granting summary judgment on the ground that the landlords had no duty to warn the tenant or to repair the driveway because the tenant knew about the driveway's condition months before the occurrence made the basis of this suit. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Joseph Michael Phillips leased real property in Friendswood, Texas and the house constructed on it (the "Property") from appellees/defendants Cheriyan Abraham and Mary Abraham under a written residential lease. Phillips alleges that while the lease was in effect, in January 2013, he lost his footing and fell while attempting to walk up the driveway. According to Phillips, he lost his footing because the driveway "was in disrepair with many loose and broken rocks." Phillips claims he broke his back as a result of the fall. Phillips sued the Abrahams, asserting a negligence claim and seeking exemplary damages based on the Abrahams' alleged gross negligence.

The Abrahams filed a motion for summary judgment asserting the following traditional grounds:

(1) as lessors of the Property, the Abrahams owed no negligence duty to Phillips, the lessee, unless they had written notice of the need for repair, as required by the lease;

(2) the Abrahams had no duty to warn Phillips or to repair the driveway because the condition of the driveway was open and obvious or because Phillips knew about the condition for at least six months before the occurrence.

In the motion, the Abrahams also asserted other grounds that appeared to be an attempt to seek a no-evidence summary judgment.

The Abrahams later filed a supplemental summary-judgment motion, attaching more evidence and asserting the following additional grounds:

(1) the Abrahams had no duty to repair the part of the driveway where Phillips fell because that area is not within the property description in the Abrahams' deed to the Property and they have no duty to repair property that they do not own, occupy, or control;

(2) there is no evidence the Abrahams owned or controlled the area in which the accident is alleged to have occurred; and

(3) Phillips has failed to come forward with evidence that the alleged dangerous condition posed an unreasonable risk of harm.

Phillips filed an initial summary-judgment response with no evidence attached. In his response, Phillips stated that although he knew of the defect, "he did not know of the specific area or stone that may come [loose] at any time at the end of the drive." Phillips filed an amended response, to which he attached his affidavit. On appeal, Phillips admits in his appellant's brief that the amended response was untimely and not properly before the trial court.

The trial court granted summary judgment without specifying a ground. Phillips now challenges the trial court's ruling.

## II. ISSUES AND ANALYSIS

**A. Did the trial court err in granting summary judgment on the ground that the Abrahams had no duty to warn Phillips or to repair the driveway because Phillips knew about the driveway's condition for at least six months before the occurrence?**

Under his second issue, Phillips challenges the trial court's granting of

summary judgment on the ground that the Abrahams had no duty to warn Phillips or to repair the driveway because Phillips knew about the driveway's condition for at least six months before the occurrence. We review a grant of summary judgment de novo. *KCM Financial LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). In a traditional summary-judgment motion, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). In our review of the trial court's granting of the Abrahams' summary-judgment motion, we consider all the evidence in the light most favorable to Phillips, crediting evidence favorable to him if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine fact issue if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). We first address the theory of negligence that Phillips asserted, and then we address whether the trial court erred in granting summary judgment on this ground.

Phillips does not expressly allege a premises-liability theory in his live petition. Phillips alleges that the Abrahams, as landlords, had a negligence duty to reasonably maintain the Property so as not to present a danger to Phillips and that the Abrahams breached this duty. The Abrahams did not specially except to this petition, and, under a liberal construction of Phillips's pleading, Phillips asserts a premises-liability theory. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Furthermore, the Abrahams own the Property and Phillips asserts a nonfeasance theory of negligence based upon the Abrahams' alleged failure to take measures to make the Property safe, rather than a malfeasance theory based on affirmative, contemporaneous conduct by the Abrahams. Therefore, Phillips's negligence claim is based on a premises-liability theory. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).

In their original summary-judgment motion, the Abrahams asserted that they had no duty to warn Phillips or to repair the driveway because he knew about the driveway's condition for at least six months before the occurrence. The Abrahams attached excerpts from the transcript of Phillips's deposition in which Phillips testified that the concrete on the area where he fell in January 2013 kept "breaking and breaking and breaking every time you step[ped] on it." Phillips stated that six months before the fall made the basis of this suit Phillips started noticing breaks in the concrete in the driveway. Phillips testified that he "broke [his] foot in the same place" months before the occurrence made the basis of this suit. According to Phillips, six months before he broke his back, he fractured two bones in his left foot in the same area of the driveway, and Phillips told Mr. Abraham that Abraham needed to come and look at the concrete, that Phillips had fractured his foot, and that the concrete needed to be fixed.

In *Austin v. Kroger Texas, L.P.* the Supreme Court of Texas clarified several

issues regarding a landowner's negligence duty to an invitee under a premises-liability theory of negligence. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 201–08 (Tex. 2015). Although the *Austin* case involved an invitee who was an employee of the landowner, the high court concluded that an employer has the same premises-liability duty to its invitee-employees as other landowners have to non-employee invitees on their premises.[2] *See id.* at 201–02 & n.8.

 In the premises-liability context, a landowner owes an invitee a negligence duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not. *See id.* at 203. Ordinarily, the landowner need not do both; the landowner can satisfy its duty by providing an adequate warning even if the unreasonably dangerous condition remains. *Id.* This general rule comports with the rationale for imposing a duty on landowners in the first place. *Id.* The landowner typically is in a better position than the invitee to know of hidden hazards on the premises, so the law mandates that the landowner take precautions to protect invitees against the hazards, to the extent the landowner knows or should know of them. *Id.*

When the condition is open and obvious or known to the invitee, however, the landowner is in no better position to discover it. *Id.* When an invitee is aware of an unreasonably dangerous condition on the premises, the condition, in most cases, no longer will pose an unreasonable risk because the law presumes that the invitee will take reasonable measures to protect against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises. *See id.* This rationale explains why the Supreme Court of Texas typically has characterized the landowner's negligence duty to an invitee as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee. *See id.*

 This general rule aligns with the Supreme Court of Texas's recognition that a landowner's duty to invitees is not absolute. *Id.* A landowner "is not an insurer of [a] visitor's safety." *Id.* (internal quotations and citations omitted). Instead, a landowner owes a duty to exercise ordinary, reasonable care. *See id.* Thus, a defendant has "no duty" to take safety measures beyond those that an ordinary, reasonable landowner would take. *Id.* at 204. What a reasonable landowner would do is often a jury question, but sometimes it is not. *Id.* The Supreme Court of Texas has recognized that, in most circumstances, a landowner who provides an adequate warning acts reasonably as a matter of law, and because there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee. *Id.*

**2.** The *Austin* opinion had not been issued when the trial court granted the Abrahams' summary-judgment motion. Nonetheless, a decision of the Supreme Court of Texas operates retroactively unless the high court exercises its discretion to modify the decision's application. *Bowen v. Aetna Cas. & Sur. Co.*, 837 S.W.2d 99, 100 (Tex. 1992) (per curiam). There is nothing in the *Austin* opinion indicating the Supreme Court of Texas exercised its discretion so that the *Austin* decision would not apply retroactively. *See Austin*, 465 S.W.3d at 201–08. Therefore, to the extent *Austin* changes Texas law, the changes apply retroactively to the trial court's summary-judgment ruling. *See Bowen*, 837 S.W.2d at 100; *Diamond Offshore (Bermuda), Ltd. v. Haaksman*, 355 S.W.3d 842, 846, n.4 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

Under the applicable standard of review, we conclude that the summary-judgment evidence proves as a matter of law that the alleged unreasonably dangerous condition on the premises was known to Phillips before the occurrence made the basis of this suit. *See Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008).

■ The Supreme Court of Texas recognizes two exceptions to the general rule under which an invitee's awareness of the risk does not relieve the landowner of its negligence duty to make the premises reasonably safe. *See Austin*, 465 S.W.3d at 204, 208. The first exception may arise when a dangerous condition results from the foreseeable criminal activity of third parties. *Id.* at 204. This criminal-activity exception does not apply to the case under review because the dangerous condition in today's case did not result from criminal activity. *See id.*

■ The second exception may arise when the invitee necessarily must use the unreasonably dangerous premises, and despite the invitee's awareness and appreciation of the dangers, the invitee is incapable of taking precautions that will adequately reduce the risk.[3] *Id.* This necessary-use exception applies when (1) it was necessary for the invitee to use the portion of the premises containing the allegedly unreasonably dangerous condition and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them. *See id.* at 207; *Lopez v. Ensign U.S. Southern Drilling, LLC,* —— S.W.3d ——, ——————, 2017 WL

1086518, at *9–10 (Tex. App.—Houston [14th Dist.] March 21, 2017, no pet. h.).

■ Phillips asserts that today's case falls within this necessary-use exception. The summary-judgment evidence includes photographs of the driveway. We presume for the sake of argument that Phillips necessarily had to use the part of the driveway containing the allegedly unreasonably dangerous condition to access the Property in his vehicle. But, Phillips was not injured while driving a vehicle onto the driveway; he was injured while attempting to walk up the driveway over the same area of driveway where he broke two bones in his left foot six months earlier. Walking over this area was not necessary to access the house or to park a vehicle.

Phillips also asserts that he was required to traverse this area by the terms of the lease, which purportedly required Phillips to maintain the yard. Presuming that the lease required Phillips to maintain the yard, the summary-judgment evidence shows that Phillips could have maintained the yard without walking over this area of the driveway. We conclude that the summary-judgment evidence establishes as a matter of law that it was unnecessary for Phillips to walk over or through the portion of the premises containing the allegedly unreasonably dangerous condition. Under the applicable standard of review, we conclude that the summary-judgment evidence proves as a matter of law that the necessary-use exception does not apply. *See Austin*, 465 S.W.3d at 207; *Lopez*, —— S.W.3d at ——————, 2017 WL 1086518, at *9–10.

3. Phillips cites *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 516–21 (Tex. 1978) and other authorities for the proposition that the open-and-obvious nature of the hazard or the invitee's knowledge of the hazard does not negate the landowner's negligence duty under a premises-liability theory. Even if this proposition were true before the Supreme Court of Texas issued *Austin*, under that opinion, the open-and-obvious nature of the hazard or the invitee's knowledge of the hazard negates the landowner's negligence duty unless one of the two exceptions applies. *See Austin*, 465 S.W.3d at 203–12.

The summary-judgment evidence establishes as a matter of law that Phillips knew of the alleged unreasonably dangerous condition on the premises before the occurrence made the basis of this suit and that neither the criminal-activity exception nor the necessary-use exception applies.[4] *See Austin*, 465 S.W.3d at 203–12; *Brookshire Grocery Co.*, 262 S.W.3d at 795; *Lopez*, —— S.W.3d at —— – ——, 2017 WL 1086518, at *9–10. Therefore, the trial court did not err in granting summary judgment on the ground that the Abrahams had no duty to warn Phillips or to repair the driveway because Phillips knew about the driveway's condition for at least six months before the occurrence made the basis of this suit. *See Austin*, 465 S.W.3d at 203–12; *Brookshire Grocery Co.*, 262 S.W.3d at 795; *Lopez*, —— S.W.3d at —— – ——, 2017 WL 1086518, at *9–10. We overrule Phillips's second issue.[5]

## B. Did the trial court abuse its discretion in denying Phillips's motion for new trial?

 In his third issue, Phillips asserts that the trial court erred in denying his motion for new trial. In the motion, Phillips claimed to have discovered new evidence after the trial court granted summary judgment in favor of the Abrahams. According to Phillips, the newly discovered evidence showed that summary judgment was not appropriate under one of the Abrahams's summary-judgment grounds and he thus was entitled to a new trial. On appeal, Phillips argues that the trial court abused its discretion in denying his motion for new trial.

 To obtain a new trial based on newly discovered evidence, Phillips had to show the following: (1) the evidence came to his knowledge after the trial, (2) his failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material that it probably would produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). Even if Phillips had shown the first three elements, the newly discovered evidence did not pertain to the summary-judgment ground that the Abrahams had no duty to warn Phillips or to repair the driveway because Phillips knew about the driveway's condition for at least six months before the occurrence. We already have concluded that the trial court did not err in granting summary judgment on this ground. Because summary judgment was appropriate based on a ground to which the newly discovered evidence did not pertain, the trial court did not abuse its discretion by impliedly finding that the newly discovered evidence was not so material that it probably would produce a different result if a new trial were granted. *See id.* at 812–13. Therefore, the trial court did not abuse its discretion in denying the motion for new

4. Phillips also cites his summary-judgment affidavit, but he agrees that this affidavit was untimely filed and not before the trial court. Even if this affidavit had been filed timely and properly could be considered as part of the summary-judgment evidence, the affidavit does not raise a genuine fact issue that would preclude summary judgment on the ground that the Abrahams had no duty to warn Phillips or to repair the driveway because Phillips knew about the driveway's condition for at least six months before the occurrence.

5. In his first issue, Phillips asserts that certain grounds in the Abrahams's supplemental summary-judgment motion are legally insufficient to constitute no-evidence summary-judgment grounds. Because we are not addressing the summary-judgment grounds in the supplemental motion or reviewing any purported no-evidence grounds, we need not and do not address Phillips's first issue.

trial. *See id.* at 812–13. We overrule Phillips's third issue.

### III. CONCLUSION

The trial court did not err in granting summary judgment on the ground that the Abrahams had no duty to warn Phillips or to repair the driveway because Phillips knew of the driveway's condition for months before the occurrence made the basis of this suit. Nor did the trial court abuse its discretion in denying Phillips's motion for new trial. Having overruled all of Phillips's appellate issues, we affirm the trial court's judgment.