**Affirmed and Memorandum Opinion filed October 2, 2018**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00936-CV

## PATRICIA ZAPPA, Appellant

## V.

## IKEA HOLDINGS US, INC., IKEA PROPERTY, INC., AND IKEA U.S. WEST, LLC, Appellees

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2015-71460**

## M E M O R A N D U M   O P I N I O N

In this premises liability case, appellant contends that the trial court erred in granting appellees' motion for summary judgment because appellant presented evidence that the necessary-use exception discussed in *Austin v. Kroger*, 465 S.W.3d 193 (Tex. 2015), precludes summary judgment even though the allegedly dangerous condition was open and obvious and appellant was aware of it. Because appellees conclusively established that appellant could have used an alternative

route to avoid the allegedly dangerous condition, we hold that the necessary-use exception does not apply and therefore the trial court did not err. We affirm.

## I. BACKGROUND

Appellant Patricia Zappa alleges that on December 10, 2013, she was exiting an IKEA store in Houston with a flatbed cart containing her purchases. IKEA had erected barriers around the exit which prevented Zappa from pushing the cart to the parking lot where her car was parked.[1] Zappa decided to remove her purchases from the cart, a few at a time, and carry them to her car by walking through the small opening between the barriers. In attempting to pass through the barriers on her third trip to the car, Zappa was injured when her right leg became trapped between the two horizontal bars of a barrier while her left leg continued through the small opening, causing a twisting pressure and fracturing her right knee.

In November 2015, Zappa sued appellees IKEA Holdings US, Inc., IKEA Property, Inc., and IKEA U.S. West, LLC (collectively, IKEA), alleging negligence based on premises liability. IKEA does not dispute that it owns and operates the store. IKEA filed a hybrid no-evidence and traditional summary judgment motion on several elements of Zappa's premises liability claim. Relevant here, IKEA argues that it owed no duty to Zappa because she admitted she was aware of the allegedly dangerous condition. Zappa filed a response and attached several exhibits, including photographs of the barriers and Zappa's affidavit. IKEA filed a reply including excerpts of Zappa's deposition testimony and an affidavit of an IKEA employee responsible for customer safety.

After a hearing, the trial court signed an order on October 30, 2017, granting IKEA's summary judgment motion and dismissing Zappa's claims with prejudice.

---

[1] IKEA refers to the "barriers" as "separation bars." For consistency, we will use Zappa's chosen term. Zappa presented evidence that the space between the barriers was 19.5 inches.

**II. ISSUES ON APPEAL**

In four issues, Zappa contends that she presented sufficient summary judgment evidence to create a genuine issue of material fact on all the elements of a premises liability claim. Zappa also contends that she presented sufficient evidence to invoke applicable law regarding the "necessary-use" exception to the general rule that a premises owner has no duty to warn or make safe a dangerous condition on the premises that is open and obvious or known to the invitee. Zappa argues that given these circumstances, a jury should be allowed to consider each party's proportionate responsibility for negligence. Because the sufficiency of the evidence to support the necessary-use exception is dispositive, we confine our review to that issue. *See* Tex. R. App. P. 47.1.

**A.     Standards of Review**

We review de novo the trial court's grant of a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In reviewing either a traditional or no-evidence summary judgment motion, we must take as true all evidence favorable to the non-movant and draw every reasonable inference and resolve all doubts in favor of the non-movant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23–24 (Tex. 2000) (per curiam); *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). If the movant's motion and evidence facially establish its right to judgment as a matter of law, the burden shifts to the non-movant to raise a genuine issue of material fact sufficient to defeat summary judgment. *See Willrich*, 28 S.W.3d at 23.

3

In a no-evidence motion, a party may, without presenting summary judgment evidence, move for summary judgment on the ground that no evidence exists of one or more essential elements of a claim or defense on which the adverse party bears the burden of proof at trial. Tex. R. Civ. P. 166a(i). The trial court must grant a no-evidence summary judgment motion unless the non-movant produces competent summary judgment evidence that raises a genuine issue of material fact on each element specified in the motion. *Id.*; *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

To determine if the non-movant raises a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). A no-evidence challenge will be sustained when: (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merriman v. XTO Energy, Inc*., 407 S.W.3d 244, 248 (Tex. 2013).

We do not consider as grounds for reversal issues not expressly presented to the trial court in response to a summary judgment motion. Tex. R. Civ. P. 166a(c); *Lopez v. Ensign U.S. So. Drilling, LLC*, 524 S.W.3d 836, 841 (Tex. App.—Houston [14th Dist.] 2017, no pet.). When, as here, the trial court does not specify the grounds for its summary judgment, we must affirm if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## B.     A Premises Owner's Duty to Invitees

Generally, a premises owner has a duty to either make safe or warn invitees of concealed dangers of which the premises owner is or should be aware, but the invitee is not. *Austin v. Kroger*, 465 S.W.3d 193, 201 (Tex. 2015). However, a premises owner has no duty to protect an invitee against a dangerous condition that is open and obvious or known to the invitee. *Id*. This general rule recognizes that a landowner is not an insurer of its invitees' safety and has no duty to take safety measures beyond those that an ordinary, reasonable premises owner would take. *Id*. at 203–04.

One exception to this no-duty rule applies when the facts demonstrate that (1) it was necessary that the invitee use the unreasonably dangerous premises and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them. *Id*. at 207. The *Austin* court explained that this exception is drawn from the court's decision in *Parker v. Highland Park, Inc*., 565 S.W.2d 512 (Tex. 1978). *See Austin*, 465 S.W.3d at 207. In *Parker*, the supreme court abolished the no-duty rule, concluding that the circumstances surrounding a plaintiff's conduct after becoming aware of an allegedly dangerous condition—even if the condition was open and obvious—were matters bearing upon the reasonableness of the plaintiff's conduct under principles of contributory negligence and "should not affect the defendant's duty." *Id*. (discussing *Parker*, 565 S.W.2d at 520). Nevertheless, subsequent supreme court decisions "repeatedly restated and applied the general no-duty rule in the landowner-invitee context, without overruling the decision in *Parker*." *Id.*

The *Austin* court resolved the arguably conflicting precedent by reaffirming the general no-duty rule and retaining *Parker* "as an example of an exception that recognizes a landowner's duty to make its premises safe when, despite an

5

awareness of the risks, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Id.* at 208. Accordingly, when the necessary-use exception applies, "the plaintiff's awareness of the risk does not relieve the landowner's duty to make the premises safe, but it remains relevant to the issue of proportionate responsibility." *Id.*

## C.    Application of the Law to the Summary Judgment Evidence

IKEA moved for summary judgment on the grounds that (1) Zappa had no evidence that the alleged condition with the barriers posed an unreasonable risk of harm, (2) Zappa's knowledge of the alleged condition nullified any duty IKEA owed to her, and (3) Zappa had no evidence that IKEA had actual or constructive knowledge of the alleged condition. In response, Zappa admitted that she was aware of the barriers because she saw them, and she concedes that the alleged condition was open and obvious. Applying *Austin*, IKEA's duty to Zappa was negated by these admissions unless Zappa presented some evidence that the necessary-use exception applied. *See Austin*, 465 S.W.3d at 198, 208; *Nethery v. Turco*, No. 05-16-00680-CV, 2017 WL 2774448, at *2–3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.); *Phillips v. Abraham*, 517 S.W.3d 355, 360–61 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

### 1.    *Zappa has not waived the issue of whether the necessary-use exception applies.*

As an initial matter, IKEA contends that Zappa waived any argument concerning the necessary-use exception because she never raised it in response to IKEA's summary judgment motion. We disagree. In her response, Zappa acknowledged that despite her awareness of the barriers, she attempted to carry her purchased items though the barriers to her car because "she had to do so." In her

6

affidavit, Zappa averred that the barriers "completely surrounded" the store exit and "formed a perimeter" around it. Zappa also expressly cited *Austin* in her response and argued that the necessary-use exception applied because the small opening in the barriers "was the only way out." We reject IKEA's argument that Zappa waived this issue and address it on the merits.

### 2. IKEA's evidence conclusively establishes that the necessary-use exception does not apply.

Zappa testified that the barriers completely surrounded the exit area and she decided to unload her cart and carry the items through the barriers because she had no other way to get them to her car. She also provided photographs of the barriers and the distance between them.

To rebut Zappa's evidence, IKEA submitted the affidavit Edwin Vela, an Interim Safety and Security Coworker at the IKEA store. Vela stated that as a Safety and Security Coworker, he was responsible for "ensur[ing] a safe and secure environment for all visitors, customers, contractors and coworkers." Vela also stated that he was an IKEA employee in December 2013, and that he was familiar with the layout of the store front and parking lot/loading zone area at the time of the incident.

Vela averred that in December 2013, "a large route for visitors and their carts, strollers and wheelchairs that led from the store to the parking lot/loading zone area existed in the same area where the incident occurred." Vela stated that this route "was the main means of ingress and egress between the store and the parking lot/loading zone area." Vela also attached two photographs which he stated were accurate representations of the store front in December 2013. The photographs show a sliding gate on one of the barriers that is opened to provide a large exit area near the store's doorway.

Relying on *Parker* and *Austin*, Zappa argues that open and obvious conditions known to invitees will not always prevent recovery when an invitee asserts the necessary use of a dangerous condition, and when there are contradictory assertions by both parties, a jury should be allowed to apportion each party's proportionate responsibility. As the *Austin* court made clear, however, the premises owner owes no duty to the invitee unless the necessary-use exception or another exception applies. *See* 465 S.W.3d at 198, 208; *see also Phillips*, 517 S.W.3d at 361 n.3. Under the applicable standard of review, we conclude that the summary-judgment evidence proves as a matter of law that the necessary-use exception does not apply because it was not necessary that Zappa use the allegedly unreasonably dangerous premises. *See Austin*, 465 S.W.3d at 208.

Zappa did not object to Vela's affidavit or present any evidence controverting either Vela's statements or the photographs depicting the availability of an alternative route that allows customers to avoid the barriers. And, although Zappa's photographs show the placement, design, and spacing of some of the barriers, none of Zappa's photographs depict the proximity of the barriers to any doorways or exit ramps as do the photographs submitted by IKEA. Nor did Zappa testify that the large opening shown in Vela's photographs was closed or was otherwise inaccessible to her. Indeed, Zappa's own evidence reflects that an alternative route existed because she testified that she took a different route through the parking lot to return to the store after her injury because she did not want to pass through the barriers.

Because the evidence establishes that it was not necessary that Zappa pass through the barriers to get to her car, the necessary-use exception does not apply. *See Phillips*, 517 S.W.3d at 361–62 (holding necessary-use exception did not apply when evidence established plaintiff knew of allegedly unreasonably dangerous

8

condition on portion of driveway and it was not necessary for him to walk over or through the portion of the driveway containing the condition); *Lopez*, 524 S.W.3d at 850 (holding necessary-use exception did not preclude summary judgment against plaintiff who was injured on stairway when plaintiff failed to present evidence establishing that alternate route was not available or was unreasonably dangerous, and other evidence showed that plaintiff could have avoided risk posed by stairway by using an alternate stairway).

Therefore, assuming without deciding that the barriers were a dangerous condition and that IKEA was or should have been aware of the condition, IKEA had no duty to warn or make safe a condition that was both open and obvious and known to Zappa because the evidence conclusively established that an alternative route existed that Zappa could have used to avoid passing through the barriers. *See Austin*, 465 S.W.3d at 204, 208. We hold that the trial court did not err in granting IKEA's summary judgment motion on this basis.

### III. CONCLUSION

We overrule Zappa's issue concerning the applicability of the necessary-use exception and affirm the trial court's judgment.


/s/        Ken Wise
            Justice


Panel consists of Justices Donovan, Wise, and Jewell.

9