**Affirmed and Memorandum Opinion filed May 2, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00486-CV

---

### K & INGRID INC., Appellant

### V.

### EVANGEL HEALTHCARE CHARITIES INC. D/B/A EVANGEL HOSPICE CARE SERVICE, Appellee

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1177381**

---

## M E M O R A N D U M   O P I N I O N

Appellant K & Ingrid, Inc. sued appellee Evangel Healthcare Charities Inc. d/b/a Evangel Hospice Care Service ("Evangel"), asserting Evangel breached the parties' consulting agreement. The parties proceeded to arbitration; the arbitrator returned a judgment in favor of Evangel and assessed approximately $61,000 in damages. Evangel moved to enter judgment on the arbitration award and K & Ingrid filed a motion to vacate. The trial court denied the motion to vacate and

signed a final judgment. For the reasons below, we affirm the trial court's judgment.

## BACKGROUND

K & Ingrid provides consulting services for hospices. Evangel runs a hospice in Houston and retained K & Ingrid to assist in the management and administration of its business. The parties signed a Hospice Management Services Agreement on April 16, 2021, which provides that K & Ingrid would receive as compensation for its services 40% of Evangel's monthly profits.

K & Ingrid sued Evangel in November 2021, asserting a breach of contract claim stemming from Evangel's alleged failure to tender the payments required by the parties' Agreement. Evangel asserted a counterclaim, contending that K & Ingrid failed to provide the services required by the Agreement. Evangel also moved to compel arbitration according to the terms of the parties' Agreement. The trial court granted Evangel's motion and the parties proceeded to arbitration in December 2021.

The arbitrator issued a judgment in favor of Evangel and found that K & Ingrid committed the following breaches of the parties' Agreement:

- K & Ingrid submitted payment requests to Medicaid without having a signed Physician Certification of Terminal Illness Form. *See* 26 Tex. Admin. Code §§ 266.203(a)(1), (b) (requiring a signed and dated Physician Certification of Terminal Illness Form that meets the necessary requirements before submitting an initial request for payment); 266.209 (requiring a Physician Certification of Terminal Illness Form to be eligible for Medicaid hospice payments).

- K & Ingrid failed to ensure that Evangel's operations and patient care services were "delivered and managed well-enough to ensure that Evangel passed the [Texas Health and Human Services Commission] survey." *See* 26 Tex. Admin. Code § 558.501(a) (stating that the Texas Health and Human Services Commission may "conduct a

2

survey or investigation" of a hospice to assess compliance with applicable regulations).

- K & Ingrid "failed to reasonably respond to requests by Evangel for access to Evangel patient records, and other documents and information related to third-party expenses."

The arbitrator denied K & Ingrid's claims for alleged breaches of the parties' Agreement and assessed $61,377.01 as Evangel's damages.

Back in the trial court, Evangel moved to enter judgment on the arbitration award. K & Ingrid filed a motion to vacate the arbitration award, asserting that corruption, fraud, or other undue means warranted revisiting the arbitrator's determination. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(1) (the trial court shall vacate an arbitration award if "the award was obtained by corruption, fraud, or other undue means"). Arguing that the existence of the signed Physician Certification of Terminal Illness Forms was "a critical issue in the arbitration proceedings," K & Ingrid alleged that Evangel misrepresented to the arbitrator that these signed forms did not exist. Rather, K & Ingrid contended, the physician-signed forms were in Evangel's exclusive possession and Evangel refused to turn them over to K & Ingrid. K & Ingrid stated that it was able to obtain the forms only after they were discovered by a recently-fired Evangel employee.

In response, Evangel stated that the motion to vacate was an attempt "to re-try this concluded matter and consider foreign unauthenticated evidence not part of the arbitration record." Objecting to K & Ingrid's proffered evidence, Evangel asserted that the produced forms were "heavily redacted" and contained different handwriting, thus calling into question their authenticity. Evangel also asserted that the incomplete forms were "not the only issue complained about in arbitration."

On March 10, 2023, the trial court signed two orders that (1) denied K &

3

Ingrid's motion to vacate, and (2) entered judgment on the arbitration award. K & Ingrid filed a "Supplement to Plaintiff's Motion to Vacate Arbitration Award" the following day, attaching an affidavit from Dr. Carlos Munoz attesting that he signed the Physician Certification of Terminal Illness Forms on the dates shown therein. K & Ingrid again asserted that the arbitration award should be vacated for corruption, fraud, or undue means, alleging that Evangel "intentionally withheld and misrepresented relevant material documents and information which it had exclusive custody and control of."

The trial court signed a final judgment on March 31, 2023, rendering judgment on the arbitration award. The trial court signed an amended final judgment on April 6, 2023, incorporating a previously-rendered judgment in favor of third-party defendants.

K & Ingrid filed a motion for new trial, again asserting that the arbitration award should be vacated on grounds of corruption, fraud, or undue means. Evangel filed a response and the trial court signed an order denying K & Ingrid's motion. K & Ingrid timely filed this appeal.

## ANALYSIS

K & Ingrid asserts four issues on appeal:

1. the trial court erred in denying K & Ingrid's motion to vacate the arbitration award and motion for new trial;
2. the arbitrator conducted the arbitration in a manner that substantially prejudiced K & Ingrid's rights;
3. Evangel is not entitled to the assessed damages; and
4. the arbitration award should be vacated under the Texas Arbitration Act.

In essence, K & Ingrid's four issues all contend that the arbitration award should be vacated. We begin with the general legal principles applicable to this question

before turning to the individual issues K & Ingrid raises on appeal.

## I.     Legal Principles Governing the Vacatur of Arbitration Awards

As an initial matter, we note that neither the applicable arbitration provision in the parties' Agreement nor the arbitrator's award states whether arbitration in this matter is governed by the Federal Arbitration Act (the "FAA") or the Texas Arbitration Act (the "TAA"). However, the Agreement does state that it is governed by Texas law.

"If an arbitration agreement does not specify whether the FAA or the TAA applies, but states that it is governed by the laws of Texas, both the FAA and the TAA apply unless the agreement specifically excludes federal law." *Moody Nat'l Grapevine MT, LP v. TIC Grapevine 2, LP*, 651 S.W.3d 450, 455 (Tex. App.— Houston [14th Dist.] 2022, pet. denied) (internal quotation omitted). Therefore, because the parties' Agreement does not specifically exclude the application of federal law, we apply both the FAA and the TAA to our analyses of K & Ingrid's issues. *See id*.

We review *de novo* a trial court's decision to confirm or vacate an arbitration award under the FAA or the TAA. *Denbury Onshore, LLC v. TexCal Energy S. Tex., L.P.*, 513 S.W.3d 511, 515 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Review of an arbitration award is extremely narrow and all reasonable inferences are indulged in favor of the award. *Id*.; *see also Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 850 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("We give great deference to the trial court's decision to confirm an arbitration award and indulge every reasonable presumption in favor of it."). A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacatur. *Denbury Onshore, LLC*, 513 S.W.3d at 515.

5

Under the FAA, courts may vacate an arbitrator's decision "only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013). The grounds on which a trial court may vacate an arbitration award under the FAA are limited to the following enumerated circumstances:

1) where the award was procured by corruption, fraud, or undue means;

2) where there was evident partiality or corruption of the arbitrators;

3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a); *see also Vargas v. Rigid Glob. Bldgs., LLC*, 654 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2022, pet. denied).

Similarly, trial courts may vacate an arbitrator's decision under the TAA only when it is shown that:

1) the award was obtained by corruption, fraud, or undue means;

2) a party's rights were prejudiced by an arbitrator's evident partiality, corruption, or misconduct;

3) the arbitrator exceeded his powers, refused to postpone the hearing, refused to hear material evidence, or conducted the hearing in a manner that substantially prejudiced a party's rights; or

4) there was no agreement to arbitrate.

Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a). Unless these grounds are asserted, the trial court must confirm the award. *Id*. § 171.087.

## II. K & Ingrid's Motion to Vacate and Motion for New Trial

In its first issue, K & Ingrid asserts that the arbitration award should be

6

vacated on grounds of "newly-discovered evidence" and points to the affidavit of Dr. Carlos Munoz and the signed Physician Certification of Terminal Illness forms attached to its "Supplement to Plaintiff's Motion to Vacate Arbitration Award." K & Ingrid builds this argument around the showing necessary to warrant a new trial. *See, e.g.*, *Phillips v. Abraham*, 517 S.W.3d 355, 362 (Tex. App.—Houston [14th Dist.] 2017, no pet.).[1]  We review the denial of a new trial motion for an abuse of discretion. *Hunter v. Ramirez*, 637 S.W.3d 858, 862 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

"Newly-discovered evidence" is not an enumerated ground supporting vacatur of an arbitration award under either the FAA or the TAA. *See* 9 U.S.C.A. § 10(a); Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a).  Therefore, this argument does not provide a basis to revisit the trial court's denial of K & Ingrid's motion to vacate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.087; *Oxford Health Plans LLC*, 569 U.S. at 568-69.

Moreover, the party seeking vacatur under the FAA or the TAA bears the burden of presenting a complete record establishing the reason or reasons for revisiting the arbitration award. *Denbury Onshore, LLC*, 513 S.W.3d at 515. "Without a record of the arbitration proceedings, for example, we presume adequate support for the arbitration award." *Valdes v. Whataburger Rests., LLC*, No. 14-16-00222-CV, 2017 WL 2602728, at *3 (Tex. App.—Houston [14th Dist.] June 15, 2017, no pet.) (mem. op.).

Here, K & Ingrid did not bring forth a record of the arbitration proceedings,

---

[1] To obtain a new trial based on newly-discovered evidence, the moving party must show (1) the evidence came to his knowledge after trial, (2) his failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material that it would probably produce a different result if a new trial were granted. *Phillips*, 517 S.W.3d at 362.

either with its motion to vacate or motion for new trial. Without this record, K & Ingrid cannot make the showing necessary to warrant a new trial based on newly-discovered evidence. *See id*. at *3; *Denbury Onshore, LLC*, 513 S.W.3d at 515; *see also Phillips*, 517 S.W.3d at 362.

We overrule K & Ingrid's first issue.

## III. The Manner in Which the Arbitrator Conducted the Arbitration

In its second issue, K & Ingrid asserts the arbitrator conducted the arbitration in a manner that substantially prejudiced its rights because:

1. the arbitrator misapplied the law regarding who may sign a Physician Certification of Terminal Illness Form;

2. the arbitrator awarded damages to Evangel for its breach of contract claim even though it found some of Evangel's damages theories "too speculative"; and

3. the arbitrator failed to compel Evangel to give K & Ingrid access to the software on which the Physician Certification of Terminal Illness Forms were stored.

These allegations appear to fall within an enumerated ground for vacatur of an arbitration award. *See* 9 U.S.C.A. § 10(a)(3); Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(2), (3). However, these grounds were not raised in the trial court as a basis for vacating the arbitration award and we cannot consider them for the first time on appeal. *See* Tex. R. App. P. 33.1(a); *Human Biostar, Inc.*, 514 S.W.3d at 850.

We overrule K & Ingrid's second issue.

## IV. The Damages Assessed in Favor of Evangel

In its third issue, K & Ingrid raises the following arguments:

1. "the Arbitrator's conclusion that Evangel lost revenue due to the breach by K & Ingrid is without merit" because Medicaid will not

8

disperse payments without a signed Physician Certification of Terminal Illness Form;

2. Evangel was the first party to breach the Agreement, thus excusing K & Ingrid from future performance;

3. the arbitrator shifted her determination of relevant dates; and

4. failure of the arbitrator to award K & Ingrid damages for services rendered after July 21, 2021, "amounts to unjust enrichment."

Three reasons foreclose our consideration of these contentions. First, they were not raised in the trial court. *See* Tex. R. App. P. 33.1(a); *Human Biostar, Inc.*, 514 S.W.3d at 850. Second, they are outside the grounds that permit vacating an arbitration award. *See* 9 U.S.C.A. § 10(a)(3); Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(2), (3). Third, we may not review the merits underlying an arbitration award. *See Thomas v. Cook*, 350 S.W.3d 382, 393 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("The court may not review the arbitrators' decision on the merits even if it is alleged that the decision is based on factual error or it misinterprets the parties' agreement.") (internal quotation omitted).

We overrule K & Ingrid's third issue.

## V. Vacatur Under the Texas Arbitration Act

In its fourth and final issue, K & Ingrid asserts it is entitled to vacatur of the arbitration under the Texas Arbitration Act because:

1. Evangel's failure to give K & Ingrid access to its software constituted a "fatal breach" of the Agreement; and

2. the arbitrator failed to state in the arbitration award that she ordered Evangel to provide K & Ingrid access to its software and Evangel refused.

We decline to reach these arguments for the reasons enumerated above in our analysis of K & Ingrid's third issue.

We overrule K & Ingrid's fourth issue.

9

## Conclusion

We affirm the trial court's April 6, 2023 amended final judgment.


/s/      Meagan Hassan
Justice


Panel consists of Justices Wise, Spain, and Hassan.