In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00240-CV**
_____

**ARTHUR SIMPSON JR., Appellant**

**V.**

**ORANGE COUNTY BUILDING MATERIALS, INC., Appellee**

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Cause No. D160150-C**

**MEMORANDUM OPINION**

In this premises liability case, Appellant, Arthur Simpson Jr. (Simpson or Appellant), appeals a summary judgment granted by the trial court in favor of the Appellee, Orange County Building Materials (OCBM or Appellee). In one combined issue, Appellant contends that the trial court erred in granting OCBM's Motion for Summary Judgment and denying Simpson's Motion for New Trial. Simpson argues that he presented more than a scintilla of evidence "regarding unreasonable risk of harm and [] duty to warn since the condition was not easily perceptible to

1

[Simpson]." OCBM argues the Summary Judgment should be affirmed because as a matter of law the stacked boards that Simpson tripped on did not create an unreasonably dangerous condition and OCBM owed no duty to warn or make safe the alleged danger because (1) the stacked boards were open and obvious; and (2) Plaintiff was aware of the danger of walking over the boards. We affirm.

Simpson alleged in his Original Petition that in May of 2014, he was a customer on the premises of OCBM located in Bridge City, Texas, when he tripped and fell over some wooden boards while walking through the loading area of the store. Simpson alleged that there were no signs in or around the area to warn of "the dangerous condition which existed due to excessive building materials strewn in the area." He alleged that he was an invitee and that OCBM was guilty of negligence, that OCBM failed "to protect and safeguard [Simpson] from unreasonably dangerous conditions[,]" and breached its duty of care to him. According to Simpson, he was an invitee of OCBM and he had just purchased pvc pipe from the store and he was in the loading area to obtain some twine to tie down the pipe onto his vehicle.

OCBM filed a Motion for Summary Judgment[1] with the trial court, arguing that the lumber or boards in the loading area did not constitute an unreasonably dangerous condition. OCBM also argued that the condition was "open and obvious" and that OCBM owed no duty to warn Simpson of the open and obvious condition, and that OCBM had no legal duty to warn Simpson of the alleged defect because he testified in his deposition that he knew of and appreciated the danger. OCBM attached exhibits to its Motion for Summary Judgment, including excerpts from the March 9, 2017 Deposition of Plaintiff Simpson, an Affidavit of Troy Arnold (the store manager on the date in question), and three photographs of the area of the alleged fall. Simpson filed a Response In Opposition to OCBM's Motion for Summary Judgment. After hearing arguments from the parties, the trial court entered an Order granting the Motion for Summary Judgment.

Simpson filed Plaintiff's Motion for New Trial and argued that the trial court erred in granting the summary judgment because OCBM did not meet its burden to

---

[1] The Motion for Summary Judgment did not specify whether it was a Traditional Motion for Summary Judgment or a No Evidence Motion for Summary Judgment, but the motion cites to Texas Rule of Civil Procedure 166a(b) and asserts arguments that conform to a traditional motion for summary judgment. For example, in the motion, the Defendant argued that there was no genuine issue of a material fact and that the existence of a duty is a question of law for the trial court. Both parties treated the motion as a traditional motion for summary judgment in the trial court.

establish that there was no unreasonable risk of harm and OCBM failed to show a lack of a duty to warn because the dangerous condition was not easily perceptible by Simpson. Simpson further argued that he raised fact issues regarding unreasonable risk of harm and duty to warn that should be submitted to a jury. OCBM filed Defendant Orange County Building Materials, Inc.'s Opposition To Motion For New Trial. An oral hearing was held on Plaintiff's Motion For New Trial. The trial court then entered an Order denying Plaintiff's Motion For New Trial, and Simpson filed a Notice of Appeal.

## Standard of Review

We review a trial court's grant of a motion for summary judgment de novo. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). The movant for traditional summary judgment must establish that (1) there is no genuine issue of material fact and (2) that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014) (per curiam). If the moving party produces evidence that it is entitled to summary judgment, the burden shifts to the non-movant to present

4

evidence that raises a material fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

In determining whether a party seeking summary judgment has met its burden, we view the evidence in the light most favorable to the non-moving party, disregarding all conflicts in the evidence and taking as true all evidence favorable to the non-moving party. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995). "Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in [his] favor." *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We consider evidence that supports the position of the moving party only if such evidence is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965); *Procter v. RMC Capital Corp.*, 47 S.W.3d 828, 830 (Tex. App.—Beaumont 2001, no pet.).

When the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). When a summary judgment does not state the grounds on which it is based, a nonmovant is required to show that each ground alleged in the motion for summary judgment was insufficient to support

the summary judgment. *Star-Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995).

Applicable Law

In Texas, a landowner owes a duty to use reasonable care to make and keep its premises safe for business invitees. *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). When an injury arises from a premises condition, the resulting claim often is exclusively a premises liability claim, rather than a negligent activity claim. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 216 (Tex. 2015). In the case now before us, Simpson alleged that he was injured by a premises condition and the parties agree on appeal that he asserted a premises liability claim.

The elements of a cause of action for a premises liability claim are: (1) the existence of a condition of the premises creating an unreasonable risk of harm; (2) the landowner knew or should have known of the existence of the condition; (3) the landowner failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) such failure was a proximate cause of plaintiff's injury. *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). A landowner is not an insurer of the safety of his guests and liability may not be imposed merely because someone is injured. *Austin*, 465 S.W.3d at 203. The duty the landowner owes to an invitee is "to make

6

safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Id.* When the invitee is aware of the dangerous condition or the condition is open and obvious, generally the law presumes that the invitee will take reasonable measures to protect himself. *Id.*; *Wallace v. ArcelorMittal Vinton, Inc.*, 536 S.W.3d 19, 23 (Tex. App.— El Paso 2016, pet. denied).

In other words, "the open-and-obvious nature of the hazard or the invitee's knowledge of the hazard negates the landowner's negligence duty . . . ." *Phillips v. Abraham*, 517 S.W.3d 355, 361 n.2 (Tex. App.—Houston [14th Dist.] 2017, no pet.). There are two recognized exceptions when the open and obvious nature of the risk or the invitee's knowledge will not, as a matter of law negate the landowner's duty, the criminal-activity exception and the necessary-use exception. Austin, 465 S.W.3d at 204-08. Simpson argued in the trial court and he argues on appeal that the necessary-use exception applies to this case. The necessary-use exception applies when the invitee must use the unreasonably dangerous area of the premises and the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks associated with the condition despite the invitee's awareness of the risk. *Austin*, 465 S.W.3d at 206-07; *Wallace*, 536 S.W.3d at 24-25.

7

Discussion

In this case, Simpson testified in his oral deposition that he had no trouble seeing the boards in front of him on the way into, or on his way out of the building. He also testified in his deposition that nothing prevented him from walking to either side to avoid the boards. Simpson testified in his deposition that when he walked into the store to get some twine he walked on top of the stacked boards to get into the store for the twine. Simpson also acknowledged in his deposition that although he thought the stacked boards were "unsafe" when he walked across them to go into the store to get the twine, he did not mention it to the people inside the store. Simpson agreed in his deposition that if there was room on either side to walk around the boards it would have been prudent to do so, but he could not recall if he looked to see if there was a way around the boards. Both parties attached the same photographs of the stacked boards to their summary judgment pleadings in the trial court, and OCBM also marked on one of the photographs to show what OCBM argued was an available alternate path where Simpson could have walked. (See below)



In the affidavit that Simpson attached to his response to the Motion for Summary Judgment, he stated:

> . . . On or about May 21, 2014, I went to the Orange County Building Materials, Inc. in Bridge City, Texas, to buy a piece of PVC pipe. I purchased the PVC pipe and it was loaded in my truck bed, loose. I dr[o]ve my truck and realized that it needed to be tied down. I drove to the other side of the building to get twine to tie the PVC pipe in the back of my truck. When I entered the building to get the twine, I walked on Hardie board which was stacked in front of the concrete steps to enter the building where I entered. I saw footprints on the Hardie board, so I knew that people had been walking on the Hardie board to get into the building. I purchased the piece of PVC pipe and I got some twine to tie it in my truck's bed. As I left the building exit, I stepped down the concrete steps and then I walked on the concrete between two pallets of material and when I reached the end of the concrete, meaning where the concrete met the pallet, I stepped on the Hardie boards, directly in front of the concrete steps, and when I took my second step, my toe hung up on a piece of Hardie board in the middle of the stack. Due to the

Defendant's placement of the steps and material, it was necessary that I step on the Hardie board to get to my truck after I had stepped down the steps and walked on the concrete to where the pallet was located. The Hardie board on which my toe hung was higher or taller than the rest of the Hardie boards in the stack and it was not even vertically with the rest of the walking surface of the Hardie boards on the pallet; it stuck up. In my deposition, I testified to the effect that I did not have any trouble seeing the Hardie plank in front of me, either going in or coming out, but the complete truth on the topic is that the piece of Hardie board on which my toe hung was not level with the walking surface; it was a single piece on top of what would have been a flat walking surface; I could see it, but I could not tell that it was higher than the rest of the Hardie boards due to its color and the color of the rest of the Hardie boards on the pallet.

At the hearing on the motion for summary judgment and in his response to the motion for summary judgment, Simpson argued that his affidavit created a genuine issue of a material fact about whether the stacked boards created an unreasonably dangerous condition, whether the condition was open or obvious, and whether he had knowledge of the condition. OCBM filed a reply brief in support of its motion for summary judgment and argued in its reply and at the hearing that the affidavit failed to create a fact issue. OCBM also argued that the affidavit contained statements that were contrary to the testimony Simpson gave in his deposition and contrary to the photographs that both parties rely upon and agree are accurate depictions of the stacked boards. According to OCBM, the photographs visibly show the boards, that one board in the stack is higher, and that there was a clear path on the concrete which allowed a person to walk around the stacked boards. OCBM

10

further argues that the stacked boards and the risk of tripping or falling when walking on a stack of boards was "open and obvious" and was a risk that Simpson himself knew.

The trial court's order granting the summary judgment does not specify the grounds upon which it granted the summary judgment. The trial court could have granted the motion for summary judgment based upon a conclusion that Simpson failed to raise a genuine issue of material fact on whether the boards created an unreasonably dangerous condition, or upon the conclusion that Simpson failed to create a genuine issue of material fact that the risk was open and obvious, or Simpson was aware of the risk, and the necessary-use exception did not apply. For purposes of deciding this appeal, we need not determine whether the boards created an unreasonably dangerous condition because we conclude that the summary judgment evidence proves as a matter of law that the alleged unreasonably dangerous condition on the premises was open and obvious or known to Simpson before the occurrence made the basis of this suit, and the necessary-use exception would not apply. *Phillips*, 517 S.W.3d at 361-62 (citing to *Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008)).

Even assuming the trial court accepted the explanation given by Simpson in his affidavit[2] that he did not appreciate that one of the boards was "higher than the rest of the [] boards" in the stack, the summary judgment evidence establishes as a matter of law that Simspon could see the stacked boards and he knew that the boards were unsafe to walk on before he fell, as he admitted he had a clear view of the stacked boards, and he knew it was dangerous when he walked on the stack of boards the first time, and his affidavit did not create a material fact issue pertaining thereto. Assuming without deciding that the stack of boards created an unreasonably dangerous condition, OCBM had no duty to warn Simpson about what was an open and obvious condition. And, Simpson knew when he walked on the boards that they were unsafe for him to walk upon. *See Austin*, 465 S.W.3d at 203-12; *Brookshire Grocery Co.*, 262 S.W.3d at 795; *Phillips*, 517 S.W.3d at 362. The trial court did not err in granting the summary judgment.

With respect to Simpson's argument that the "necessary-use" doctrine applied, we disagree. Simpson contends that he sufficiently established a genuine

---

[2] When reviewing a summary judgment, a trial court may conclude that a party does not raise a genuine issue of a material fact simply by submitting what amounts to a "sham affidavit" that materially conflicts with the same witness's prior sworn testimony. *See Lujan v. Navistar, Inc.,* 555 S.W.3d 79, 87 (Tex. 2018). The trial court did not make a ruling on the record regarding whether the Simpson affidavit materially conflicts with the testimony Simpson provided in his deposition.

issue of material fact regarding "necessary use" when he stated in his affidavit that: "'Due to the Defendant's placement of the steps and material, it was necessary that I step on the Hardie board to get to my truck after I had stepped down the steps and walked on the concrete to where the pallet was located.'" Simpson argues that the "necessary-use" exception recognized in *Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex. 1978), and further explained in *Austin v. Kroger, L.P., supra*, would apply.

A "necessary use" occurs only when: (1) the invitee must use an unreasonably dangerous premises condition; and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks associated with the condition despite his awareness. *Austin*, 465 S.W.3d at 206-07; *Wallace*, 536 S.W.3d at 24-26. Simpson had the burden on this point to establish that it was a "necessary use." *See generally Walker*, 924 S.W.2d at 377. Although Simpson claimed in his affidavit it was "necessary" for him to walk on the stacked boards, he put forth no evidence regarding the second element that OCBM should have anticipated that he was unable to avoid the alleged unreasonable risk associated with the condition despite his awareness. Additionally, when the summary judgment evidence establishes that the plaintiff could have avoided the condition, then the necessary-use exception does not apply, and summary judgment is appropriate. *See Lopez v. Ensign U.S. Southern Drilling LLC,* 524 S.W.3d 836, 850 (Tex. App.—Houston [14th Dist] 2017, no. pet.)

13

(summary judgment is appropriate where evidence shows plaintiff could have avoided the risk through an alternate route); *Phillips,* 517 S.W.3d at 361 (necessary-use exception inapplicable as tenant could have maintained yard without walking on area of driveway with loose concrete).

Simpson does not contend that the boards changed from the time he first walked over them when he entered the store to get the twine, to the time when he exited the store and then tripped or fell on the boards. The stacked boards were in the same location and condition when Simpson exited as when he entered, and there was no evidence that anything had changed. *See, e.g.*, *Wallace,* 536 S.W.3d at 24-26 (invitee security guard who tripped on scraps located in front of a machine shop when she exited the shop knew about the scraps when she first entered the shop and could not rely upon the necessary-use exception because nothing changed from the time she entered the shop and when she exited the shop immediately prior to the fall). Therefore, we conclude the trial court did not err in concluding that the "necessary-use" exception would not apply.

Therefore, we overrule Simpson's issue and affirm the judgment of the trial court.

14

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on January 31, 2019
Opinion Delivered February 7, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.