**Affirmed in Part and Reversed and Remanded in Part and Memorandum Opinion filed March 30, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00117-CV

---

**VERDELL DRISKELL, Appellant**

**V.**

**CONCRETE RAISING CORPORATION AND YOLANDE DUFFIN, Appellees**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-06304**

---

## MEMORANDUM OPINION

In this premises liability case, a tenant, appellant Verdell Driskell, appeals the trial court's summary-judgment dismissal of her personal injury claims against her landlord, appellee Yolande Duffin, and the company that Duffin hired to make repairs to the driveway of the premises, appellee Concrete Raising Corporation, based on an allegedly dangerous condition in the driveway on the leased premises. In five issues, appellant asserts the trial court erred in granting the motions for

summary judgment in favor of appellees. We affirm in part, reverse in part, and remand.

## I.    BACKGROUND

In January 2014, appellant Verdell Driskell ("Driskell") leased a single-family residence located in Sugar Land, Texas ("the Property"), which was owned by appellee Yolande Duffin ("Duffin"). Driskell lived in the home with her son and daughter. At the end of June 2016, Driskell renewed her lease for another year.

In June 2014, the Homeowner's Association requested that Duffin repair cracks in the sidewalk and driveway to the Property. In August 2014, Duffin hired appellee Concrete Raising Corporation ("CRC") to raise the profile of the driveway and walkway panels on the Property. Driskell continued to live at the Property while this repair work was being performed. CRC's work created an approximate five-inch drop-off on the right edge of the driveway to the ground.

Driskell acknowledges the drop-off was a clearly visible, open and obvious condition that she walked past daily to get into her car, which was parked in the driveway. Driskell never made a request to Duffin to have a landscaping company backfill the area adjacent to the driveway and walkways. In June 2016, Driskell renewed her lease to the Property.

On October 8, 2016, Driskell, while walking along the driveway, slipped off the five-inch drop-off, lost her balance, and fell head-first into the brick garage wall and then to the ground. She sustained a head injury and a displaced fracture of her wrist. On January 30, 2018, Driskell filed her Original Petition alleging claims against Duffin and CRC for negligence and premises liability, maintaining the five-inch drop-off at the edge of the driveway constituted a "Dangerous Condition" on the Property, causing her injuries. On August 15, 2018, Duffin filed a motion for summary judgment, arguing she had no legal duty to warn an invitee of open and

2

obvious conditions; the Property is not unreasonably dangerous; and Driskell waived or released her right to sue Duffin in the lease agreement for any personal injuries caused by any condition of the Property. On that same date, CRC filed its motion for summary judgment, asserting it had no duty to warn or make safe any alleged Dangerous Condition on the Property because Driskell had actual knowledge of the condition and the alleged defect was open and obvious.

On September 6, 2018, Driskell filed an amended petition, asserting claims against Duffin for premises liability and negligence per se; claims against CRC for negligent training and negligent supervision; and claims against both Duffin and CRC for negligence, negligent hiring, negligent undertaking, and gross negligence. Driskell continued to assert that the five-inch drop-off on the Property was a "Dangerous Condition" that caused her to fall and sustain injuries.

Driskell filed a response to both summary judgment motions on September 7, 2018. Driskell argued that "it was necessary that [she] use the Dangerous Conditions on the Property"; Driskell maintained the necessary use exception eliminates Duffin's and CRC's open and obvious arguments set forth in their summary judgment motions. Driskell attached an affidavit to her response, attesting that it was necessary that she use the portion of the driveway which constituted the "Dangerous Condition," and that she needed to traverse it in order to access the house, to park, and to access her vehicle. Driskell asserted that she raised a fact issue as to the necessary use exception. Additionally, in the response itself, Driskell requested, in the alternative, that the trial court grant Driskell a continuance and delay its ruling on the summary judgment motions "so that additional discovery may be completed."

On September 13, 2018, Duffin filed a reply and objections to Driskell's summary judgment evidence. Duffin argued that Driskell's claims are limited to premises liability causes of action as Driskell was complaining that a condition of

the Property (*i.e.*, the five-inch drop-off) caused her fall. As to the new theories of liability alleged in Driskell's amended petition, Duffin argued that they all required one essential element–a legal duty–that was absent in this case. Duffin contended that as a landowner she "has no legal duty for open and obvious conditions and/or conditions of which, like Driskell and the five-inch drop-off, the plaintiff is aware." Duffin argued that Driskell had not established a necessary use exception because the necessary use exception only applies when an invitee cannot take reasonable precautions to avoid the condition, which Duffin maintains is negated by Driskell's use of the driveway for two years, and further, that Driskell relies upon "her own sham affidavit" and an irrelevant affidavit from another case. Duffin objected to paragraphs 4-12 of Driskell's affidavit and requested that they be stricken, maintaining that Driskell's affidavit is contradictory to Driskell's prior deposition testimony and is conclusory. Duffin further objected to the affidavit from another lawsuit being attached to the response, asserting the affidavit is hearsay and not relevant. CRC also filed objections, contending that Driskell submitted a "sham affidavit which is conclusory, factually false and contradictory to her own testimony."

On September 14, 2018, the trial court held an oral hearing on Duffin's and CRC's motion for summary judgment. No reporter's record of the hearing was made part of the record in this appeal. The record before us does not contain a ruling on Duffin's objections, CRC's objections, or Driskell's motion for continuance. Additionally, the record does not indicate whether Driskell requested or conducted any additional discovery after the summary judgment hearing.

On January 9, 2019, without specifying grounds, the trial court granted Duffin's and CRC's motions for summary judgment and dismissed Driskell's claims against them with prejudice. This appeal timely followed.

## II.   ANALYSIS

Appellant asserts the following five issues on appeal:

1.      The trial court erred in granting Appellees' motions for summary judgment.

2.      The trial court erred in failing to find that a fact issue was raised as to the applicability of the necessary use exception.

3.      Appellant's amended pleading added general negligence causes of action that were not addressed in the Appellees' motions for summary judgment - therefore, these causes of action could not have been dismissed.  As such, the trial court erred in granting a final summary judgment.

4.      The trial court erred in finding that evidence that a dangerous condition is open and obvious is sufficient to abrogate the duty of the contractor that created the dangerous condition.

5.      The trial court erred in denying Appellant's motion for continuance.

### A.   MOTION FOR CONTINUANCE

In her fifth issue, Driskell argues the trial court improperly denied her motion for continuance.

### 1.   STANDARD OF REVIEW

When a party moves for a continuance to conduct discovery, we review the denial of the motion for a clear abuse of discretion.  *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).  A trial court only abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  *Id.*; *Muller v. Stewart Title Guaranty Co.*, 525 S.W.3d 859, 866 (Tex. App.—Houston [14th Dist.] 2017, no pet.).  The test is whether the trial court acted without reference to guiding rules or principles.  *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

## 2.  GOVERNING LAW

With regard to continuances of summary judgment motions, Texas Rule of Civil Procedure 166a(g) permits a trial court to deny a summary judgment motion or to grant a continuance to the party opposing summary judgment if that party files an affidavit setting forth the reasons the party cannot present the facts necessary to respond to the motion.  Tex. R. Civ. P. 166a(g); *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 662 (Tex. 2009).  When a nonmovant "contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Muller*, 525 S.W.3d at 866; *see* Tex. R. Civ. P. 166a(g), 251, 252.

The Texas Rules of Civil Procedure specify that no motion for continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251.  If a motion for continuance is sought to obtain testimony, then:

> [the movant] shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source.

Tex. R. Civ. P. 252.  We consider the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party

6

seeking the continuance has exercised due diligence to obtain the discovery sought. *Muller*, 525 S.W.3d at 866 (citing *Joe*, 145 S.W.3d at 161).

### 3. NONCOMPLIANCE WITH RULE 252

In Section VIII of her response to summary judgment, Driskell requested a continuance so that additional discovery could be completed. Driskell specifically claimed she needed "to conduct discovery into the following: 1) training, hiring, and supervision practices of CRC; 2) screening and hiring practices of Duffin; 3) communications between Duffin and CRC; 4) steps taken by Duffin to remediate the Dangerous Condition; 5) safety standards necessary for concrete raising and driveway repair; 6) communications between Duffin and relevant third parties; 7) property inspections conducted by Duffin; and 8) other rental properties owned by Duffin." Driskell maintained that the continuance was not sought for delay, but so that justice may be done. She further contended she had sought no previous continuances in this matter. Driskell's trial counsel attached an unsworn declaration to the response. Trial counsel's declaration stated, "under penalty of perjury that the foregoing is true and correct" and "the facts set forth in Plaintiff's Response to Defendants' Motion for Summary Judgment, Section VIII 'Motion for Continuance' are true and correct." The declaration also provided trial counsel's address.

Assuming without deciding that Driskell preserved error as to her request for continuance in her summary-judgment response and the attached unsworn declaration of her trial counsel, we cannot conclude that the trial court's implicit denial of Driskell's motion for continuance was so arbitrary and unreasonable that it amounted to a clear and prejudicial error of law. *Joe*, 145 S.W.3d at 161. Driskell's motion and declaration did not comply with the procedures for continuance set forth in Rule 252 of the Texas Rules of Civil Procedure or governing case law.[1] Neither

---

[1] The trial court did not rule on the motion for continuance, and there is no order to that effect in our record. Because the trial court granted both Duffin and CRC's motions for summary

the motion nor the declaration: identifies the type of additional discovery requested (written discovery or deposition testimony); explains the materiality of any additional discovery and/or testimony sought and how it was anticipated to impact the elements at issue; sets forth the length of time needed to conduct such additional discovery; states or shows that due diligence was exercised to procure the discovery or testimony given the length of time the case was on file; or explains or demonstrates how such diligent efforts to obtain the additional discovery failed. *See* Tex. R. Civ. P. 252; *see Joe*, 145 S.W.3d at 161. Similarly, neither the motion nor the declaration point to any place in the record showing diligent efforts to obtain the referenced discovery or declares that there had been a motion to compel any requested discovery. *See Muller*, 525 S.W.3d at 867. "[T]he failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance." *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). Moreover, the record before us does not contain any discovery requests or deposition notices that Driskell served during the interim period between the summary judgment hearing in September 2018 and the trial court's ruling in January 2019. For these reasons, we conclude that the trial court did not clearly abuse its discretion when it implicitly denied Driskell's request for a continuance.

Driskell's fifth issue is overruled.

## B. SUMMARY JUDGMENT

Driskell's remaining issues allege the trial court erred by granting Duffin's and CRC's motions for summary judgment. We address these issues below.

---

judgment, the trial court implicitly overruled Driskell's motion for continuance.

8

### 1. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018); *Texan Land & Cattle II, Ltd. v. ExxonMobil Pipeline Co.*, 579 S.W.3d 540, 542 (Tex. App.—Houston [14th Dist.] 2019, no pet.). We consider all of the summary-judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). Summary judgment for a defendant is proper only when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Hilburn v. Storage Tr. Props., LP*, 586 S.W.3d 501, 506 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see* Tex. R. Civ. P. 166a(c).

### 2. SUMMARY JUDGMENT ON PREMISES LIABILITY CLAIMS

#### a. PREMISES OWNER'S DUTY TO INVITEE

"Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016); *Lopez v. Ensign U.S. Southern Drilling, LLC*, 524 S.W.3d 836, 845–46 (Tex. App.—

9

Houston [14th Dist.] 2017, no pet.) (observing "two potential but mutually exclusive causes of action against the owner of the property"). If the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. *Jenkins*, 478 S.W.3d at 644. If the injury is the result of the property's condition rather than an activity, premises liability principles apply. *Id*. "Although premises liability is itself a branch of negligence law, it is a 'special form' with different elements that define a property owner or occupant's duty with respect to those who enter the property." *Id*.

Here, Driskell has cast her claim as one of premises liability based on an allegedly unreasonably dangerous condition on the Property; as such, her cause of action against Duffin is properly characterized as sounding in premises liability as opposed to ordinary negligence. *See Lopez*, 524 S.W.3d at 849–50. For a premises-liability defendant to be liable for a plaintiff's injury, that plaintiff must prove:

> (1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the plaintiff]; (3) that [the defendant] did not exercise reasonable care to reduce or to eliminate the risk; and (4) that [the defendant's] failure to use such care proximately caused [the plaintiff's] personal injuries.

*United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471–72 (Tex. 2017) (alterations in original). A defendant in a premises liability case is liable only to the extent it owes the plaintiff a legal duty. *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008). The existence of a duty is a question of law for the court. *Id*.

Duty is a threshold inquiry in a premises liability claim, and the scope of the duty owed to the claimant varies according to the plaintiff's status as invitee, licensee, or trespasser. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). Here, it is undisputed that Driskell leased the Property from Duffin, making

10

her an invitee.[2]  *See Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 515 (Tex. 1978) (holding that the duty owed by a landlord to its tenant is the duty owed to an invitee).

Generally, a premises owner owes invitees a duty to either make safe or warn invitees of concealed dangers of which the premises owner is, or reasonably should be, aware but the invitee is not.  *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).  "Ordinarily, the landowner need not do both; the landowner can satisfy its duty by providing an adequate warning even if the unreasonably dangerous condition remains."  *Phillips v. Abraham*, 517 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Austin*, 465 S.W.3d at 203).  "This general rule comports with the rationale for imposing a duty on landowners in the first place."  *Id.*  The landowner usually is in a better position than the invitee to know of hidden dangers on the premises, so the law mandates that the landowner take precautions to protect invitees against the dangerous conditions, to the extent the landowner knows or should know of them.  *Id.*

"When an invitee is aware of an unreasonably dangerous condition on the premises, the condition, in most cases, will no longer pose an unreasonable risk because the law presumes that the invitee will take reasonable measures to protect against known risks. . . ."  *Phillips*, 517 S.W.3d at 360 (citing *Austin*, 465 S.W.3d at 203); *see Advance Tire & Wheels, LLC v. Enshikar*, 527 S.W.3d 476, 481 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (when an invitee becomes aware of an open and obvious risk, the risk is generally "no longer considered to be unreasonable").  This rationale explains why the Supreme Court of Texas characterized the landowner's negligence duty to an invitee as a duty to make safe or warn of

---

[2] "An invitee is 'one who enters on another's land with the owner's knowledge and for the mutual benefit of both.'"  *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (quoting *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)).

11

unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee. *See Phillips*, 517 S.W.3d at 360 (citing *Austin*, 465 S.W.3d at 203). As explained in *Austin*,

> This general rule is consistent with the reasons for imposing a duty on landowners in the first place. The landowner is typically in a better position than the invitee to be aware of hidden hazards on the premises, so the law mandates that the landowner take precautions to protect invitees against such hazards, to the extent the landowner is or should be aware of them . . . .
>
> When the condition is open and obvious or known to the invitee, however, the landowner is not in a better position to discover it. When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises. *See, e.g.*, Restatement (Third) of Torts: Liab. for Physical & Emotional Harm § 51 cmt. a (2012) (observing that reasonable care "only requires attending to the foreseeable risks in light of the then-extant environment, including foreseeable precautions by others"); Restatement (Second) of Torts § 343 cmt. b (1965) (observing that landowner must "give such warning that the [invitee] may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if he does accept it"). This is why the Court has typically characterized the landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee.

*Id*. (alteration in original) (citations omitted).

This general rule recognizes that a premises owner's duty toward its invitee is not absolute; a landowner "is not an insurer of [a] invitee's safety." *Austin*, 465 S.W.3d at 203 (internal quotations and citations omitted). Instead, a landowner owes a duty to exercise ordinary, reasonable care. *See id*. Thus, a defendant has "no duty" to take safety measures beyond those that an ordinary, reasonable landowner would take. *Id*. at 204. What a reasonable landowner would do is often a jury question,

but sometimes it is not. *Id*. In most circumstances, a landowner who provides an adequate warning acts reasonably as a matter of law, and because there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee. *Id*.

The Supreme Court of Texas recognizes exceptions to the general rule under which an invitee's awareness of the risk does not relieve the landowner of its duty to make the premises reasonably safe. *See Austin*, 465 S.W.3d at 204, 208; *see also Zappa v. IKEA Holdings US, Inc.*, No. 14-17-00936-CV, 2018 WL 4702382, at *3 (Tex. App.—Houston [14th Dist.] Oct. 2, 2018, no pet.) (mem. op.) (once the defendant demonstrates the applicability of the general rule as a matter of law, the burden shifts to the plaintiff to create a fact issue showing that the necessary-use exception applies). As relevant here, an exception to the no-duty rule arises when (1) it was necessary for the invitee to use the portion of the premises containing the allegedly unreasonably dangerous condition and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them. *See Austin*, 465 S.W.3d at 207–08.

### b. DUFFIN'S SUMMARY JUDGMENT MOTION

In her first and second issues, Driskell challenges the trial court's order granting Duffin's summary judgment motion. Driskell argues that even if appellees have provided sufficient proof of the openness and obviousness of the dangerous condition, Driskell has provided sufficient evidence to raise a fact issue as to whether it was necessary for her to traverse the dangerous condition.

In Duffin's traditional summary judgment motion, she argued that Driskell's premises liability claim failed as a matter of law because the evidence established conclusively that the alleged dangerous condition on the Property was open and

13

obvious and known to Driskell.[3]  She argues that Driskell's knowledge of the allegedly dangerous condition nullified any duty Duffin and CRC owed to Driskell. "[A] landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Austin*, 465 S.W.3d at 204.

### i.    DUFFIN ESTABLISHED NO LEGAL DUTY

We consider whether Duffin's summary judgment evidence established that the five-inch drop-off was open and obvious and known to Driskell.  The evidence presented included Driskell's deposition, her lease agreement, and photographs of the allegedly Dangerous Condition on the Property.  In her deposition, Driskell admits the five-inch drop-off was clearly visible as she went out daily to get into her car.  Driskill acknowledged she walked by it every day and that the condition was open and obvious to her.  Driskell also concedes that from August 2014 when the concrete work was done, until her fall in October 2016, she never made any written request to Duffin to correct the condition on the Property.  She further testified that the condition which allegedly caused her fall was not concealed and she had actual knowledge of the condition on August 24, 2014, and on the day of her accident.

Under the applicable standard of review, we conclude that the summary-judgment evidence proved as a matter of law that the alleged unreasonably Dangerous Condition on the Property was known to Driskell before the occurrence made the basis of this suit.  *See Phillips*, 517 S.W.3d at 361.  Thus, applying *Austin*, Duffin's and CRC's duty to Driskell was negated by Driskell's admissions unless Driskell presented some evidence that the necessary-use exception applies.  *See*

---

[3]    In Duffin's summary judgment motion she also alleged that the Property is not unreasonably dangerous and Driskell waived or released her right to sue Duffin in the lease agreement for any personal injuries caused by any condition of the Property.  As the trial court could have found Duffin did not owe a duty to Driskell, we do not address the remaining ground asserted by Duffin in its motion.

14

*Austin*, 465 S.W.3d at 198, 208; *Phillips*, 517 S.W.3d at 358 (concluding "the trial court did not err in granting summary judgment on the ground that the landlords had no duty to warn the tenant or repair the driveway because the tenant knew about the driveway's condition months before the occurrence made the basis of this suit."); *Moritz*, 257 S.W.3d at 216 (court found the owner "had no duty to warn Moritz that the ramp he had been using for more than a year had no handrails.").

### ii.     DRISKELL FAILS TO SHOW NECESSARY USE

Driskell does not refute the open and obvious nature of the allegedly Dangerous Condition or her knowledge of the allegedly Dangerous Condition on the Property. Instead, Driskell urges us to consider the necessary use exception to the no-duty rule.[4] In her summary judgment response, Driskell alleges that "it was necessary that [she] use the Dangerous Conditions on the Property." Driskell maintains the necessary use exception eliminates Duffin's and CRC's open and obvious arguments set forth in their summary judgment motions. Driskell relies on summary judgment evidence attached as exhibits to her response, including her own affidavit, four photographs of the Property, and her deposition. Driskell also relies on Duffin's and CRC's summary judgment evidence.

### *Driskell's Affidavit*

Driskell asserts, unlike the tenant in *Phillips*, that she submitted an affidavit that she had to walk along the portion of the driveway with the Dangerous Condition to park her vehicle, access the house, and to access her parked vehicle. *See* 517 S.W.3d at 361. She maintains she necessarily had to use the portion of her driveway which constituted the Dangerous Condition.

---

[4] In her amended petition, under her cause of action for premises liability, Driskell added allegations regarding necessary use. Among her allegations, Driskell contended "[i]t was necessary for Driskell to use the dangerous driveway on the Property to access her vehicle and the front door of the house."

15

Duffin objected to paragraphs 4-12 of Driskell's affidavit and requested that they be stricken, maintaining that Driskell's "sham affidavit" did not establish the essential elements of necessary use or raise a fact issue. Duffin also objected to the affidavit as conclusory. Duffin argues under the "sham affidavit" rule a trial court can properly disregard an affidavit from a non-movant that contradicts deposition testimony or appears to be a sham to avoid a summary judgment. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 90 (Tex. 2018).

Generally, to preserve an objection for appellate review, the trial court must either make an express or implicit ruling.[5] Tex. R. App. P. 33.1. The trial court did not expressly rule in writing or orally rule on Duffin's objections to Driskell's evidence. However, for purposes of preservation of error, "an appellate court treats a party's objections to defects in the 'form' and the 'substance' of an affidavit differently." *Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 374 (Tex. App.—Dallas 2011, no pet.). Defects in substance are "those that leave the evidence legally insufficient" and may be raised for the first time on appeal despite the trial court's failure to rule on the objections. *Id*. A defect in form of an affidavit must be objected to in the trial court, and the failure to obtain a ruling waives the objection on appeal. *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163-64 (Tex. 2018) (per curiam).

Duffin's objections based on Driskill's alleged "sham affidavit" is an attack on the form of the affidavit, and not its substance, such that it must be first addressed by the trial court. *Bates v. Pecos Cnty.*, 546 S.W.3d 277, 285 (Tex. App.—El Paso 2017, no pet.); *see also Smiley Dental–Bear Creek, P.L.L.C. v. SMS Fin. LA, L.L.C.*, No. 01-18-00983-CV*,* 2020 WL 4758472, at *4 (Tex. App.—Houston [1st Dist.]

---

[5] For there to be an implicit ruling, the record must contain something indicating that the trial court ruled on the objections, other than the mere granting of a motion for summary judgment. *Torres v. GSC Enterprises, Inc.*, 242 S.W.3d 553, 560 (Tex. App.—El Paso 2007, no pet.).

Aug. 18, 2020, no pet.) (mem. op.) (citing *UT Health Sci. Ctr.-Houston. v. Carver*, No. 01-16-01010-CV, 2018 WL 1473897, at \*5–6 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, no pet.) (mem. op.) ("Formal defects include objections to hearsay, lack of foundation, lack of personal knowledge, sham affidavit, statement of an interested witness that is not clear, positive direct, or free from contradiction, best evidence, self-serving statements, and unsubstantiated opinions.")); *Hogan v. J. Higgins Trucking, Inc.*, 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.) (objection based on sham affidavit asserts a defect in form). Duffin's failure to obtain a ruling from the trial court on her sham affidavit and conclusory objections to Driskell's affidavit failed to preserve error for our review on appeal. *See* Tex. R. App. P. 33.1(a)(2)(A); *see Seim*, 551 S.W.3d at 163–64 (explaining that rules of error preservation apply to summary judgment proceedings).

*Driskell's Failure to Establish Second Element of Necessary Use*

Duffin argues that even if the trial court accepted Driskell's affidavit, it does not address the second element of necessary use–that Duffin should have anticipated that Driskell was unable to avoid the unreasonable risks despite Driskell's awareness of them. *See Austin*, 465 S.W.3d at 207–08. The necessary use exception does not apply when plaintiffs "are aware of the risks and could have avoided them." *Id*. at 208; *see Lopez*, 524 S.W.3d at 849–50 (holding necessary use exception did not preclude summary judgment against plaintiff who was injured on stairway when plaintiff failed to present evidence establishing that alternate route was not available or was unreasonably dangerous, and other evidence showed that plaintiff could have avoided risk posed by stairway by using an alternate stairway); *Phillips*, 517 S.W.3d at 361–62 (concluding necessary use exception did not apply when evidence established plaintiff knew of allegedly unreasonably dangerous condition on portion of driveway and it was not necessary for him to walk over or through the portion of the driveway containing the condition); *see, e.g., Kennedy v. Wal-Mart Stores Tex.,*

17

*LLC*, 03-19-00587-CV, 2020 WL 1943357, at *3 (Tex. App.—Austin Apr. 23, 2020, no pet.) ("As there was more than one way for Kennedy to retrieve the bottle of wine, which would have allowed her to avoid it falling on her foot, the 'necessary use' exception does not apply."); *Padron v. Catholic Diocese of Austin*, No. 06-18-00087-CV, 2019 WL 1548637, at *5 (Tex. App.—Texarkana Apr. 10, 2019, no pet.) (mem. op.) ("necessary-use exception does not apply here since the summary judgment evidence demonstrated that Padron was aware of the risks posed by the dark side stairway and could have avoided them by turning on the light, requesting that someone turn on the light, or walking back up to the classroom to seek assistance from the principal to illuminate the side stairway"); *Simpson v. Orange Cnty. Bldg. Materials, Inc.*, No. 09-18-00240-CV, 2019 WL 470090, at *5 (Tex. App.—Beaumont Feb. 7, 2019, no pet.) (mem. op.) ("when the summary judgment evidence establishes that the plaintiff could have avoided the condition, then the necessary-use exception does not apply, and summary judgment is appropriate"); *Zappa*, 2018 WL 4702382, at *4 (holding necessary use exception did not apply because the evidence conclusively established that an alternative route existed that plaintiff could have used to avoid passing through the barriers).

*Summary Judgment Evidence Negates Necessary Use*

In this case, the necessary use exception does not apply because the summary judgment evidence demonstrated that Driskell was aware of the risks posed by the five-inch drop-off and could have avoided it. The undisputed summary judgment evidence established Driskell was not injured while attempting to access her home from the driveway; rather, Driskell allegedly fell on the passenger side of her vehicle when she stepped forward to go around to the front of the car to retrieve her keys from the ignition. Photographs of the Property submitted by CRC as summary judgment evidence demonstrate alternate routes existed. The photographs show a clear path from the driver's side of the vehicle to the front door of the house.

18

Moreover, Driskell could have simply parked her car in the street in front of the Property to avoid the drop-off or even in a different location on the driveway. Driskell's own deposition testimony shows that Driskell knew about the allegedly Dangerous Condition since August 2014 and avoided it until she fell two years later. The evidence therefore conclusively negates the necessary use exception. In other words, it was not necessary that Driskell walk along the condition or the right side of the driveway where she fell to access the driver's side of her vehicle to retrieve her keys from the ignition. Driskell failed to present any evidence that Duffin should have anticipated Driskell was unable to avoid the unreasonable risks of the drop-off despite her actual knowledge of the condition.

Because Driskell failed to set forth specific facts showing a genuine issue on the applicability of the necessary use exception, we conclude the trial court did not err in granting Duffin's summary judgment motion. *See Austin*, 465 S.W.3d at 208; *see also Lopez*, 524 S.W.3d at 850; *Phillips*, 517 S.W.3d at 361–62.

We overrule Driskell's first and second issues as they relate to her claims against Duffin for premises liability.

### 3. NEGLIGENCE CLAIMS

In her third issue, Driskell asserts the trial court erred in granting a final summary judgment as to the general negligence causes of action that were not addressed in Duffin's and CRC's motions for summary judgment.

### a. TRIAL COURT GRANTED MORE RELIEF THAN REQUESTED

"The purpose of a summary judgment is to 'provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact.'" *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296–97 (Tex. 2011) (quoting *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962)). Summary judgments, however, may only be granted upon grounds

19

expressly asserted in the summary judgment motion. *Id.* at 297; *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (holding that summary judgment motion under Rule 166a(c) itself must contain ground upon which it is made, reliance may not be placed on briefs or summary judgment evidence). "A trial court may not grant summary judgment in favor of a party that does not properly move for it by motion." *Sweet Water Well Serv., LLC v. West Houston Airport Corp.*, No. 14-18-00596-CV, 2020 WL 5048356, at *2 (Tex. App.—Houston [14th Dist.] Aug. 27, 2020, no pet.) (mem. op.) (citing *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex. 1984); *Sw. Invs. Diversified, Inc. v. Estate of Mieszkuc*, 171 S.W.3d 461, 468 n.15 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Daniels v. Daniels*, 45 S.W.3d 278, 282 (Tex. App.—Corpus Christi 2001, no pet.) ("A trial court may not grant a motion for summary judgment in a case where no motion for summary judgment was ever filed.")). "When a trial court grants more relief than requested and, therefore, makes an otherwise partial summary judgment final, that judgment, although erroneous, is final and appealable." *Magee*, 347 S.W.3d at 298.

A limited exception, however, applies where the unaddressed cause of action is precluded as a matter of law by other grounds raised in the case. *See id.* at 297 (citing *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.)); *see also PAS, Inc. v. Engel*, 350 S.W.3d 602, 610 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("The application of an exception requires 'a very tight fit' between what was proved or disproved in the motion and what elements must be proved or disproved for the unaddressed claim."). "In such a case, a party has moved for summary judgment but omitted at least one ground or cause of action." *Sweet Water Well Serv., LLC*, 2020 WL 5048356, at *3 (citing *Wilson*, 305 S.W.3d at 74; *Engel*, 350 S.W.3d at 609; *Zarzosa v. Flynn*, 266 S.W.3d 614, 620 (Tex. App.—El

Paso 2008, no pet.); *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 754 (Tex. App.—San Antonio 1998, no pet.)).

If the omitted ground shares a common element or is derivative of a cause of action on which summary judgment was properly granted, then the error is harmless and the judgment of the trial court should be affirmed. *Magee*, 347 S.W.3d at 296–98; *Wilson*, 305 S.W.3d at 74–75 (concluding exception did not apply because none of the "unaddressed liability theories or claims" were derivative of any other and did not share the same elements as the addressed theories); *Engel*, 350 S.W.3d at 609–10 (concluding exception did not apply to unaddressed claim of breach of fiduciary duty under "common ground" argument where trial court granted summary judgment for fraud claim); *Zarzosa*, 266 S.W.3d at 621 ("Since the misrepresentation element of [plaintiff's] fraud and fraudulent inducement claims has been disposed of, reversal of the summary judgment for consideration of those claims would be meaningless in this case.").

### b. DUFFIN'S MOTION FOR SUMMARY JUDGMENT

Because the trial court's order granting Duffin's summary judgment dismissed claims that were not raised in Duffin's motion for summary judgment, the trial court's order was in error. *Sweet Water Well Serv.*, *LLC*, 2020 WL 5048356, at *2. As set forth, *supra*, Driskell's original petition asserted a "negligence/premises liability" claim against Duffin. In her summary judgment motion, Duffin argues that she has no legal duty to warn or make safe any alleged Dangerous Condition on the Property because Driskell had actual knowledge of the condition and the claimed defect was open and obvious. Additionally, Duffin maintains the Property is not unreasonably dangerous. Duffin also asserted Driskell waived or released her right to sue Duffin in the lease agreement for any personal injuries caused by any condition of the Property.

After summary judgment motions were filed, Driskill amended her petition, adding negligence claims against Duffin: negligence, negligent hiring, negligent undertaking, premises liability, negligence per se, and gross negligence. In her response, Driskell summarily asserts that "Defendants only address Plaintiff's claim for premises liability in their motions for summary judgment. Claims added in Plaintiff's First Amended Petition are not addressed in either Defendant's summary judgment motion." Duffin filed a reply and objections to Driskell's summary judgment evidence. Duffin argued that Driskell's claims are limited to premises liability causes of action as Driskell was complaining that a condition of the Property (*i.e.*, the five-inch drop-off) caused her fall. As to the new theories of liability alleged in Driskell's amended petition, Duffin argued that they all required one essential element–a legal duty–that was missing in this case. The trial court granted Duffin's summary judgment motion and dismissed all of Driskell's claims against Duffin. The trial court erred in granting Duffin relief on causes of action that were not addressed in Duffin's summary judgment motion. *Sweet Water Well Serv., LLC*, 2020 WL 5048356, at *2. Thus, we must analyze if this harmed Duffin. *See Magee*, 347 S.W.3d at 297–98.

*No Harm in Trial Court's Dismissal of Negligence Claims against Duffin*

As we observed, *supra*, Driskell has cast her claim as one of premises liability against Duffin. Driskell alleges that her injury resulted from the Property's condition–the five-inch drop-off on the driveway. Because premises-liability and negligence claims are based on independent theories of recovery, "they are not interchangeable." *United Scaffolding, Inc.*, 537 S.W.3d at 471. "Underpinning the distinctions between these claims is the principle that 'negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a

22

nonfeasance theory based on the owner's failure to take measures to make the property safe.'" *Id*. (quoting *Del Lago*, 307 S.W.3d at 776).

Even if a plaintiff "attempt[s] to characterize h[er] claim as something other than premises liability, '[c]reative pleading does not change the nature of a claim.'" *United Scaffolding, Inc.*, 537 S.W.3d at 480. "[I]f a claim is properly determined to be one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as general negligence." *Id*. "Such creative pleading would allow plaintiffs to 'plead around the heightened standard for premises defects, which requires proof of additional elements . . . .'" *Id*. "Likewise, one cannot transform the true nature of a claim by submitting it . . . under a different theory of recovery." *Id*. (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997)).

Here, Driskell cannot transform her premises defect claim into claims for negligence against Duffin. Allowing Driskell to maintain these additional negligence claims against Duffin would essentially impose a lesser duty on Duffin where none existed on the premises liability claim. *See, e.g., Brinker v. Evans*, 370 S.W.3d 416, 420 (Tex. App.—Amarillo 2012, pet. denied) (finding that the trial court was not required to submit a negligence-per-se claim where the plaintiff's injury resulted from a premises defect). This would run afoul of the Texas Supreme Court's ruling in *United Scaffolding, Inc. See* 537 S.W.3d at 480.

Because Driskell's claims in this case stem from an alleged premises defect, she cannot recast them in negligence. Driskell's claims for negligence, negligent hiring, negligent undertaking, negligence per se, and gross negligence against Duffin are not viable; thus, the trial court's dismissal of these claims against Duffin was harmless error. *See Magee*, 347 S.W.3d at 296–98.

Driskill's third issue addressing claims against Duffin is overruled.

23

### c. CRC'S MOTION FOR SUMMARY JUDGMENT

Because the trial court's order granting CRC summary judgment dismissed claims that were not raised by CRC in its motion for summary judgment, the trial court's order was in error. *Sweet Water Well Serv., LLC*, 2020 WL 5048356, at *2. As set forth, *supra*, in her original petition, Driskell asserts a "negligence/premises liability" claim against CRC. In its traditional summary judgment motion, CRC asserts, like Duffin, that Driskell's premises liability claim fails as a matter of law because CRC owes Driskell no legal duty to warn or make safe any alleged Dangerous Condition on the Property because Driskell had actual knowledge of the condition and the claimed defect was open and obvious.

After CRC filed its motion for summary judgment, Driskill amended her petition, eliminating a cause of action raised against CRC for premises liability and adding negligence causes of action – negligence, negligent hiring, negligent training and negligent supervision, negligent undertaking, and gross negligence. In her response, Driskell summarily asserts that "Defendants only address Plaintiff's claim for premises liability in their motions for summary judgment. Claims added in Plaintiff's First Amended Petition are not addressed in either Defendant's summary judgment motion." CRC did not file a supplemental or amended summary judgment motion or a reply to Driskell's response. Although CRC did file objections to Driskell's affidavit, the record does not reflect a ruling on its objections by the trial court. The trial court granted CRC's summary judgment motion and dismissed all of Driskell's claims against CRC. The trial court erred in granting CRC relief on causes of action that were not addressed in CRC's summary judgment motion. *Sweet Water Well Serv., LLC*, 2020 WL 5048356, at *2. Thus, we must analyze if this harmed Driskell. *See Magee*, 347 S.W.3d at 297–98.

24

*The Trial Court's Error was not Harmless*

On appeal, CRC now argues that no matter how Driskell presents her negligence causes of action, duty is an essential element of each of her claims. CRC contends the summary judgment evidence conclusively establishes Driskill had actual knowledge of the claimed premises defect for over two years prior to her fall and that the drop-off was open and obvious. CRC maintains that these undisputed facts negate any duty which CRC may have owed Driskell. Moreover, CRC asserts that since Driskell testified she has no idea how the fall occurred, she cannot establish CRC owed her a duty which it breached. We disagree.

Here, CRC was granted summary judgment on Driskell's negligence claims based upon CRC's contention that, like a landowner, it had no legal duty because the alleged Dangerous Condition was open and obvious and Driskell knew about the condition. The law relied upon by CRC applies to landowners. CRC maintains the negligence claims arise from the same facts and that the lack of a duty also precludes Driskell's negligence claims as to CRC. We disagree. At no time did CRC file any motion or reply setting forth its duty under a negligence standard.[6] CRC has not shown "a very tight fit" between what was proved or disproved in its motion and what elements must be proved or disproved for the unaddressed claims for negligence, negligent hiring, negligent training and negligent supervision, negligent undertaking, and gross negligence. *See Engel*, 350 S.W.3d at 610. As such, the exception does not apply to CRC. Thus, the trial court's dismissal of Driskell's claims against CRC was not harmless. *See Magee*, 347 S.W.3d at 296–98. Driskell's third and fourth issues asserting claims against CRC are sustained.

---

[6] Driskell's fourth issue asserts that "[t]he trial court erred in finding that evidence that a dangerous condition is open and obvious is sufficient to abrogate the duty of the contractor that created the dangerous condition." After her amended pleading, only negligence claims against CRC remained and, as set forth above, CRC did not set forth its duties as a contractor under any negligence standard. As such, Driskell's fourth issue is sustained.

25

## III. CONCLUSION

We affirm the trial court's denial of a motion for continuance. We affirm the trial court's order granting summary judgment on all claims against Duffin. We reverse the portion the trial court's judgment as to CRC and remand the case to the trial court for proceedings consistent with this opinion.


/s/     Margaret "Meg" Poissant
         Justice


Panel consists of Justices Bourliot, Hassan, and Poissant.